**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| **JAMES A. GOFF**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED RENTALS (NORTH AMERICA), Inc. et al.**<br><br>Defendants. | Case No.: 2:16-cv-608 |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Compel Responses to Plaintiff's First Interrogatories and First Requests for Production of Documents from Defendant United Rentals ("Motion to Compel") and an accompanying memorandum, filed on February 24, 2017. ECF Nos. 24-25. On March 10, 2017, Defendant United Rentals filed a Response in Opposition. ECF No. 26. Plaintiff did not file a Reply and the time to do so has expired. Plaintiff requested a hearing pursuant to Local Rule 7(E). ECF No. 27. A hearing was held in this matter on March 28, 2017, at which Michael Imprevento appeared on behalf of the Plaintiff and Donald Cameron Beck appeared on behalf of United Rentals. ECF No. 31. For the following reasons, Plaintiff's Motion to Compel, ECF No. 24, is **GRANTED.**

This case involves injuries Plaintiff sustained on September 16, 2014, at the International Paper plant in Franklin, Virginia when a commercial rigging tool he was using to remove a steam air heater coil broke. ECF No. 25 at 1. Plaintiff brought suit against Defendant Columbus McKinnon Corp., the manufacturer of the rigging tool, and United Rentals, from whom

Plaintiff's employer, RMR Mechanical, Inc., rented the tool. *Id.* at 2. On November 17, 2016, Plaintiff served his first interrogatories and first request for production of documents on United Rentals. *Id.* United Rentals served its objections on December 2, 2016, and provided answers on January 6, 2017. *Id.* United Rentals also served a privilege log which listed fourteen documents it contended were work product generated in anticipation of litigation. *Id.* Included among these documents were a liability claim acknowledgment report and thirteen emails between United Rentals and Liberty Mutual, the third party administrator responsible for United Rentals' insurance. ECF No. 24, attach. 2. These emails were exchanged between September 16, 2014, the date of the accident, and November 4, 2014. *Id.*

On February 24, 2017, Plaintiff filed a motion to compel United Rentals to produce the documents identified in the privilege log, arguing that they were not subject to work product immunity because they were "created in the ordinary course of business by a United Rentals employee, apparently for United Rentals' insurer, a practice that is regularly carried out whenever an industrial accident occurs" and were "created in close temporal proximity with the accident and before any claim was made."[1] ECF No. 25 at 5-6. Plaintiff also contended that, should the documents be considered work product, he nonetheless had a substantial need for them because they "were prepared on the same day or within days of the accident, while factual information was fresh on the minds of their creators" as well as the fact that "[p]reliminary forensic analysis discloses that a specific chain link on the rented equipment failed" and "[o]nly United Rentals knows the condition of the equipment and its most recent rental and maintenance history and it has failed to provide anything that is truly relevant." *Id.* at 6.

---

[1] Plaintiff also requested the Court compel United Rentals to respond to five interrogatories. However, at the hearing Plaintiff's counsel advised that the parties had reached an agreement resolving the dispute regarding the interrogatories, and thus withdrew his motion to compel that they be more fully responded to. Consequently, this Order is limited to Plaintiff's request that United Rentals be compelled to produce the documents identified in its privilege log.

United Rentals responded that it provided Plaintiff with the liability claim acknowledgment report, but the emails were protected from disclosure by the work product immunity doctrine because they involved "United Rentals's [sic] agents and its insurer discussing and analyzing an industrial workplace accident involving one of its rented products that results in a potential claimant being injured and taken to the hospital for treatment," and which "included assessments of the potential claim, discussion of potentially tendering the defense, and discussion of potentially hiring experts." ECF No. 26 at 2. After hearing the argument of the parties at the hearing, the undersigned reviewed the emails *in camera*.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, . . ." Pursuant to Fed. R. Civ. P. 26(b)(3)(A): "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant surety, indemnitor, insurer, or agent)." Commonly referred to as the work product immunity doctrine, this protection belongs to the attorney and protects from disclosure documents that are prepared by or at the direction of an attorney in anticipation of litigation. *Hickman v. Taylor*, 329 U.S. 495, 509-14, 67 S. Ct. 385, 91 L. Ed. 451 (1947); *In re Grand Jury Proceedings, Thur. Special Grand Jury Sept. Term, 1991*, 33 F.3d 342, 348 (4th Cir. 1994). Attorney work product immunity is generally divided into two types: opinion work product, which "involves mental impressions, conclusions, opinions or legal theories . . . which is absolutely immune from discovery;" and fact work product "prepared in anticipation of litigation or for trial [which] may be discovered, but only with a showing of substantial need." *Nat'l Union Fire Ins. Co. v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992) (quotation

marks and citations omitted). A party has a "substantial need" for materials prepared in anticipation of litigation if he is unable "without undue hardship [to] obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). The party claiming the protection bears the burden of demonstrating the applicability of the work product doctrine. *In re Grand Jury*, 33 F.3d at 353.

The emails, which concern and discuss events at or near the time of the accident at issue, are relevant to both Plaintiff's claims and United Rentals' defense, and United Rentals does not claim otherwise. Moreover, production of these emails is not burdensome and no contention has been made that the request for them is not proportional to the needs of the case. United Rentals does not rest its claim of work product on the "opinion work product" prong of the immunity. Instead, it claims the emails are protected from disclosure because they were exchanged between themselves and their third party insurance administrator in anticipation of litigation. "[M]aterials prepared in the ordinary course of business or pursuant to regulatory requirements or for other non-litigation purposes" do not constitute "documents prepared in anticipation of litigation" protected under the work product doctrine. *Nat'l Union Fire Ins. Co.*, 967 F.2d at 984 (finding that documents related to the insurance company defendant's investigation of a fire were not protected). District courts within the Fourth Circuit have stated that work done as part of the "insurer's ordinary course of business" is not protected work product. *Smith v. Scottsdale Ins. Co.*, 40 F.Supp.3d 704, 720 (N.D.W. Va. 2014) ("Unlike files generated while investigating whether to deny a first-party claim, which are generally not considered to have been prepared in anticipation of litigation, insurance claim files generated in relation to investigating and defending against third-party claims are generally considered work-product because they were clearly prepared for the purposes of the underlying litigation, rather than in the insurer's ordinary

course of business."); *see also, Nicholas v. Bituminous Cas. Corp.*, 235 F.R.D. 325, 332 (N.D.W.Va. 2006); *Ring v. Commercial Union Ins. Co.*, 159 F.R.D. 653, 660 (M.D.N.C. 1995) ("[T]he general rule is that a reasonable possibility of litigation only arises after an insurance company has made a decision with respect to the claim of its insured. Therefore, and in general, only documents accumulated after the claim denial will be done in anticipation of litigation").

Upon *in camera* review of the emails, the undersigned **FINDS** that the materials do not constitute protected work product prepared in anticipation of litigation. The emails between United Rentals and Liberty Mutual were sent in the ordinary course of business immediately following an industrial accident, and were ordinary communications between an insured and an insurer concerning the circumstances of the accident.[2] Indeed, "[f]ollowing any industrial accident, it can be expected that designated personnel will conduct an investigation, not only out of concern for future litigation, but also to prevent reocurrences, to improve safety and efficiency in the facility, and to respond to regulatory obligations." *Nat'l Union Fire Ins. Co.*, 967 F.2d at 984. Although litigation theoretically may be anticipated any time an accident occurs in the workplace, application of the work product immunity here would protect from disclosure every document generated by a defendant in these circumstances immediately after an accident. *See E.I. DuPont de Nemours & Co. v. Kolon Indus.*, 269 F.R.D. 600, 604 (E.D. Va. 2010) (noting that work product protection "does not cover documents created in the ordinary course of business that later serve a litigation-related purpose"). The work product immunity is not so broad, and requires, at the least, a party perceive a realistic prospect of litigation before it can reasonable be said that litigation was anticipated. *RLI Ins. Co. v. Conseco, Inc.*, 477 F. Supp. 2d 741, 747 (E.D. Va. 2007) (noting *National Union's, supra*, holding that the doctrine "protects

[2] Although Liberty Mutual apparently is United Rentals' third party insurance administrator and not its direct insurer, this distinction makes no practical difference to the legal analysis of the work product immunity doctrine.

'work product' that is created because of litigation when that litigation is a real likelihood, but not 'work product' that is created 'because of' litigation when that litigation is merely a possibility."). Here, after reviewing the emails at issue, the undersigned **FINDS** that they, at most, suggest that litigation is only a possibility, and therefore do not constitute work product.[3]

Consequently, for the foregoing reasons and those stated on the record at the hearing, Plaintiff's Motion to Compel, ECF No. 24, is **GRANTED**. Defendant United Rentals is **ORDERED** to produce to Plaintiff the emails identified in its privilege log **no later than April 4, 2017**.

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED**.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
March 28, 2017

[3] United Rentals contended that the fact that an attorney was copied on some of the emails supports the notion that these documents were created in anticipation of litigation. In the first instance, the attorney neither prepared nor directed the preparation of any of the emails. Second, even attorney prepared documents can be found to not constitute work product if they were prepared in the ordinary course of business and not in anticipation of litigation. *See, e.g., Hickman*, 329 U.S. at 509-14; *RLI Ins. Co.*, 477 F. Supp. 2d at 747; *Kolon Indus.*, 269 F.R.D. at 604.